## Lewis Barnard *versus* Samuel Graves and Trustee.

Upon a settlement of accounts between the defendant and the town of W, a check upon a bank payable to bearer was given by the town to the defendant, but it was agreed, that it should be placed in the hands of a selectman of the town, to whom the defendant was indebted, in order that he might procure the money from the bank and pay therewith his own demand and also a debt due from the defendant to the town, the amount of which was not ascertained at the time of such settlement. Whilst the check was in the hands of such selectman, the town was summoned as the trustee of the defendant. It was *held*, that the delivery of the check was a payment of the debt due from the town to the defendant, and therefore, that the town was not chargeable as his trustee.

By the answer of Benjamin Butman, one of the selectmen of the town of Worcester, which was summoned as the trustee of the defendant, it appeared, that the defendant was employed by that town, for the sum of $350, to take charge of its paupers for one year, commencing April 1, 1833 ; that on March 31, 1834, a settlement of accounts was made on the part of the town with the defendant, in anticipation of the close of the year, and that the selectmen gave him a check on the Worcester Bank, payable to him or the bearer, for the sum of $210, which was the balance due at the end of the year ; that there being however a debt due from the defendant to the town, the amount of which was not then ascertained, it was agreed, that the amount of this debt, when ascertained, should be deducted from the sum to be obtained by the check ; that this debt was afterwards found to amount to the sum of $67·58 ; that the defendant being also indebted to Butman in the sum of $19·77, it was further agreed by the selectmen and the defendant, that the check should be placed in Butman's hands, and the amount thereof paid to him by the bank, in order that he might retain the sums due from the defendant to the town and to himself ; and that the check was accordingly received by Butman, and was in his hands at the time of the service of the writ.

*Merrick* and *Isaac Davis*, for the plaintiff, cited *Dennie* v. *Hart & Tr.* 2 Pick. 204.

*C Allen*, for the trustee.

Oct. 6th

Barnard
*v.*
Graves
and Tr.

Oct. 7th.

*Per Curiam.* In the case of *Dennie v. Hart & Tr.* 2 Pick. 204, the Court considered the transaction merely colorable ; that the depositary of the check was the agent of the trustee himself; and that the trustee had the control of it, and might revoke it when he pleased ; and the decision went upon that ground. In the present case, we think the depositary was not the agent of the town, but of Graves, to receive and appropriate the amount of the check, and that the town could not control or revoke it. The check therefore was a payment of the debt due from the town to Graves.

*Trustee discharged.*